# IN THE OREGON TAX COURT

## C. B. SIMONS
*v.*
## DEPARTMENT OF REVENUE
(TC 3191)

Petitioner appeared *pro se.*

Joseph A. Laronge, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered June 10, 1992.

**CARL N. BYERS, Judge.**

This matter is before the court on defendant's Motion to Dismiss for failure to exhaust administrative remedies. Oral argument was heard on May 29, 1992.

Plaintiff appeals the true cash value as of January 1, 1988, and January 1, 1989, of four separate property accounts. Plaintiff did not acquire ownership of the property until May, 1990. The prior owner did not appeal to the board of equalization as required by statute. Accordingly, plaintiff petitioned defendant for relief under the supervisory power granted by ORS 306.115. Defendant denied plaintiff's petition on two separate grounds, reflecting the two types of property involved.

## NONRESIDENTIAL ACCOUNTS

■　　Two of the properties, Account Nos. 256675 and 258986, are nonresidential accounts for which valuation notices were sent. Accordingly, plaintiff was required to show "good and sufficient cause" for failing to timely appeal to the board of equalization. Plaintiff showed that the prior owner of the property was attempting to sell it to Lane County. Plaintiff argues that an owner trying to sell property to the county can hardly be expected to complain to the same county that the property is overvalued. While the court is sympathetic with a taxpayer in that predicament, it is not "good and sufficient cause" for failing to appeal. If a taxpayer maintains that the value of property is high when negotiating a sale to the county, they are not excused from appealing if their true opinion of value is much less. Despite public opinion or practice, the tax statutes do not allow a property owner to blow hot and cold at the same time with regard to the value of property.

## RESIDENTIAL PROPERTY

■　　Plaintiff acquired the property through an IRC Section 1031 exchange involving other properties. As a result, he was unable to present defendant with a "bona fide arm's-length sale of the subject property which reasonably reflects the value of the property as of the assessment date at issue." ORS 306.115(4)(b). The only value submitted for two specific accounts (Account No. 256683 and Account No. 256691) is the plaintiff's own allocation of value. The department found this allocation inadequate.

　　　Plaintiff argues that, based on inspection, the county appraiser agreed with plaintiff's allocations and supports plaintiff's position. However, plaintiff was unable to obtain a written agreement from the assessor's office. Whatever reason the assessor may have for refusing to agree, it leaves plaintiff without the form of evidence required by defendant to exercise its supervisory authority.

　　　Based on the above, the court finds that defendant's motion must be granted. Now, therefore,

　　　IT IS ORDERED that defendant's Motion to Dismiss is granted.